**Modified and Affirmed and Opinion Filed August 1, 2022**

# S

**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-21-00452-CR

### ABDULSATAR ABDULRAHMAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-23889-W**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Following Abdulsatar Abdulrahman's open plea of guilty to the offense of arson of a habitation, the trial court sentenced him to seven years' imprisonment. He asserts the trial court's judgment should be reformed "to reflect the correct statute of conviction." We affirm the trial court's judgment as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

A judgment must reflect the offense for which the defendant was convicted. TEX. CODE CRIM. PROC. art. 42.01, § 1(13). There are multiple methods of committing the offense of arson. *See* TEX. PENAL CODE § 28.02(a). Subsection

(a)(2)(A) states that a person commits arson "if the person starts a fire . . . or causes an explosion with intent to destroy or damage . . . any building, habitation, or vehicle . . . knowing that it is within the limits of an incorporated city or town." Subsection (d)(2) states, "An offense under Subsection (a) is a felony of the second degree, except that the offense is a felony of the first degree if it is shown on the trial of the offense that . . . the property intended to be damaged or destroyed by the actor was a habitation or a place of assembly or worship."

Mr. Abdulrahman confessed to the indictment's allegation that "with intent to damage and destroy a habitation," he "start[ed] a fire and cause[d] an explosion . . . knowing that said habitation was within the limits of an incorporated city." The record shows the trial court convicted him of "ARSON HABITATION WORSHIP," which his plea agreement and the judgment describe as a first-degree felony. The trial court's judgment states, "Statute for offense: 28.02(D)(2) Penal Code."

Mr. Abdulrahman asserts the judgment "should be reformed to reflect that [he] was convicted of arson pursuant to '28.02(a)(2)(A) Penal Code,'" because "[t]he offense of arson of a habitation is actually set out in" that subsection. The State asserts it "is not opposed to this Court modifying the judgment to include the additional applicable subsection of the statute under which Appellant was convicted for first-degree arson of a habitation."

This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Here, the judgment's "description of the statute of offense is not as precise as it could be." *Williams v. State*, No. 05-20-00939-CR, 2022 WL 354587, at *2 (Tex. App.—Dallas Feb. 7, 2022, no pet.) (mem. op., not designated for publication).

We sustain Mr. Abdulrahman's issue and modify the trial court's judgment to state that he was convicted under "Penal Code § 28.02(a)(2)(A), § 28.02(d)(2)." *See id.*; *see also Sikes v. State*, No. 05-20-01126-CR, 2022 WL 1769115, at *2–3 (Tex. App.—Dallas June 1, 2022, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment sua sponte to include specific statutory section describing offense instead of only the provision regarding enhancement and penalties).

We affirm the trial court's judgment as modified.


/Cory L. Carlyle/
210452f.u05                          CORY L. CARLYLE
Do Not Publish                       JUSTICE
Tex. R. App. P. 47.2(b)

–3–

# S

## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ABDULSATAR ABDULRAHMAN,
Appellant

No. 05-21-00452-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-23889-W.
Opinion delivered by Justice Carlyle.
Justices Myers and Goldstein
participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to state that the "Statute for offense" is "Penal Code § 28.02(a)(2)(A), § 28.02(d)(2)."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 1st day of August, 2022.